Richard M. Pachulski (CA Bar No. 90073)
Debra I. Grassgreen (CA Bar No. 169978)
John W. Lucas (CA Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010
E-mail: rpachulski@pszjlaw.com
         dgrassgreen@pszjlaw.com
         jlucas@pszjlaw.com

[Proposed] Attorneys for Carter's Grove, LLC
Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br>**CARTER'S GROVE, LLC,**<br>                    Debtor. | Case No.: 11- 30554 (TC)<br>Chapter 11<br>**DEBTOR'S APPLICATION FOR ORDER EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**<br>[No Hearing Required] |

Carter's Grove, LLC, the above-captioned debtor and debtor in possession (the "Debtor"), hereby submits this application (the "Application") for an order extending the time to file its schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules") to March 14, 2011. In support of this Application, the Debtor respectfully represents as follows:

**I.**

**STATEMENT OF FACTS**

**A.     Description of the Debtor**

On February 14, 2011 (the "Petition Date"), the debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to manage its affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code. No trustee, examiner, or committee has been appointed in this chapter 11 case (the "Case").

The Debtor was formed on or around December 10, 2007, to hold title to Carter's Grove Plantation, a historic property that was acquired in 2007 by CNET founder Halsey Minor ("Mr. Minor"). Carter's Grove Plantation is a 750 acre plantation located on the north shore of the James River in Virginia, near Colonial Williamsburg.

### B. Events Leading to Chapter 11 Filing

This bankruptcy case was a result of Mr. Minor's overall liquidity crisis. Mr. Minor has been embroiled in costly and protracted litigation for the last several years and his ability to monetize assets was impacted by the overall economic downturn. The Debtor's bankruptcy filing was necessitated by the noticed February 15, 2011 foreclosure sale of the Carter's Grove Plantation. The Colonial Williamsburg Foundation, the seller of Carter's Grove Plantation, is owed approximately $4 million on account of its purchase money note. In addition, Carter's Grove is encumbered by a second deed of trust in favor of AVN Air, LLC in the amount of $5 million and a third deed of trust in favor of Sotheby's in the amount of $3.4 million. The Debtor believes that the value of Carter's Grove Plantation is well in excess of these encumbrances, and that there is substantial equity in Carters' Grove Plantation.

## II.

## ARGUMENT

Pursuant to Rule 1007(c) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and by this Application, the Debtor requests eleven (11) additional days, up to and including March 11, 2011 within which to file the Schedules. <u>The Debtor has conferred with the Office of the United States Trustee ("UST") and the UST has indicated that it has no objection to the requested extension.</u> On the Petition Date, the Debtor filed with this Court a list of the Debtor's creditors and their addresses, and a list of the holders of the twenty largest unsecured claims against the Debtor's estate.

Under Bankruptcy Rule 1007(c), the Court may extend the time by which the Debtor must file its Schedules for "cause shown." Fed. R. Bankr. P. 1007(c). Although the Debtor had initially

anticipated being able to file the Schedules within 14 days of the Petition Date, given Mr. Minor's other pressing business and financial issues, additional time is needed to prepare and file accurate Schedules.

The Debtor requests that the Court extend the deadline for filing the Schedules to March 11, 2011. Given that the requested extension of time is relatively short (i.e., 11 days) and will allow the Debtor to file complete and accurate Schedules, the Debtor believes that the requested extension will not prejudice creditors. Accordingly, the Debtor submits that "cause" exists for the Court to grant the requested extension.

## III.

## CONCLUSION

Based on the foregoing, the Debtor respectfully requests that the Court enter an order (a) extending the time by which the Debtor must file their Schedules to March 11, 2011 and (b) granting such other and further relief as may be just and proper.

Dated: February 25, 2011 　　　　　PACHULSKI STANG ZIEHL & JONES LLP

　　　　　　　　　　　　　　　　　　　By　　*/s/ Debra I Grassgreen*
　　　　　　　　　　　　　　　　　　　　　　Debra I. Grassgreen
　　　　　　　　　　　　　　　　　　　　　　John W. Lucas

　　　　　　　　　　　　　　　　　　　　　　[Proposed] Attorneys for Debtor and
　　　　　　　　　　　　　　　　　　　　　　Debtor in Possession