Richard M. Pachulski (CA Bar No. 90073)
Debra I. Grassgreen (CA Bar No. 169978)
John W. Lucas (CA Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010
E-mail: rpachulski@pszjlaw.com
dgrassgreen@pszjlaw.com
jlucas@pszjlaw.com

[Proposed] Attorneys for Carter's Grove, LLC
Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**CARTER'S GROVE, LLC,**<br><br>Debtor. | Case No.: 11-30554 (TC)<br><br>Chapter 11<br><br>**APPLICATION TO EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS GENERAL BANKRUPTCY COUNSEL TO THE DEBTOR**<br><br>[No Hearing Required] |

Carter's Grove, LLC, the debtor and debtor in possession (the "Debtor"), submits this application (the "Application") to employ Pachulski Stang Ziehl & Jones LLP (the "Firm") as general bankruptcy counsel, effective as of the commencement of this case. The Firm is located at 150 California Street, 15th Floor, San Francisco, California 94111-4500. This Application is brought pursuant to sections 327(a) and 329 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2014, 2016, and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

# I.

# STATEMENT OF FACTS

**A. Description and History of the Debtor**

On February 14, 2011 (the "Petition Date"), the debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to manage its affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or committee has been appointed in this chapter 11 case (the "Case").

The Debtor was formed on December 10, 2007, to hold title to Carter's Grove Plantation, a historic property that was acquired in 2007 by CNET founder Halsey Minor ("Mr. Minor").[1] Carter's Grove, also known as Carter's Grove Plantation, is a 750 acre plantation located on the north shore of the James River in the Grove Community of southeastern James City County in the Virginia Peninsula area of the Hampton Roads region of Virginia.

The plantation was built for Carter Burwell, grandson of Robert "King" Carter, and was completed in 1755 on the site of an earlier tract known as Martin's Hundred, which had first been settled by the English colonists around 1620. In 1976, an archaeological project discovered the site of Wolstenholme Towne, a small settlement downstream a few miles from Jamestown which had been developed in the first 15 years of the Colony of Virginia. The population of the settlement was decimated during the Indian Massacre of 1622.

After hundreds of years of multiple owners and generations of families, and the death of the last resident in 1964, Carter's Grove was added to Colonial Williamsburg Foundation's (CW) properties through a gift from the Rockefeller Foundation in 1969. Carter's Grove was open to tourists for many years but closed its doors to the public in 2003. Later that year, Hurricane Isabel rendered serious damage to Carter's Grove Country Road, which had linked the estate directly to the Historic Area. The foundation announced in late 2006 that Carter's Grove Plantation would be offered for sale, under specific restrictive conditions.

---

[1] The sole member of the Debtor is the Halsey Minor Revocable Trust, LLC.

In December 2007, the Georgian style mansion and 476 acres were acquired for $15.3 million by Mr. Minor, who announced plans to use the property as a private residence and a center for a thoroughbred horse breeding program with the Phipps family. A conservation easement on the mansion and 400 of the 476 acres is co-held by the Virginia Outdoors Foundation and the Virginia Department of Historic Resources.

**B.      Events Leading to Chapter 11 Filing**

This bankruptcy was a result of Mr. Minor's overall liquidity crisis. Mr. Minor has been embroiled in costly and protracted litigation for the last several years and his ability to monetize his assets was impacted by the overall economic downturn. Among other things, Minor was engaged in lawsuits beginning in 2007 with Christie's and Sotheby's.

For example, on May 21, 2010 a jury verdict found for Mr. Minor in U.S. District Court and Judge William Alsup ordered Christie's to pay $8.57 million in damages to Mr. Minor. Christie's has appealed that judgment. Sotheby's sued Mr. Minor for failure to pay for certain paintings he bid on at auction while waiting for Sotheby's to provide promised documents that showed their actions had not violated New York law. Mr. Minor countersued, contending the Sotheby's had had an interest in one of the paintings that they did not disclose. On March 30, 2010, Sotheby's prevailed and Minor was ordered to pay nearly $4.4 million, plus interest, late charges and legal fees. That amount represents the perceived drop in the resale value of Mr. Minor's artworks during the five months that Christie's kept the pieces—a lag that took place between late May and early November 2008 as the art market spiraled into recession. Mr. Minor satisfied this judgment by paying Sotheby's approximately $6.6 million and appealed the Judgment in June 2010. Thereafter, in November of 2010, Sotheby's obtained a further judgment for its fees and costs (the "Sotheby's Fee Award"). In the process of executing on the Sotheby's Fee Award effectively froze all of Mr. Minor's liquid assets, including assets that he would have otherwise used to pay expenses related to the Carter's Grove Plantation. Mr. Minor also appealed the Sotheby's Fee Award. Just prior to the commencement of this bankruptcy case, Mr. Minor and Sotheby's entered into a settlement of the Sotheby's Fee Award.

1. The Debtor's Financial Status

Prior to Mr. Minor's liquidity issues, Mr. Minor paid the regular monthly obligations of Carter's Grove when due. As a result of a recent settlement of Mr. Minor's litigation with Sotheby's, Mr. Minor will have adequate cash to meet all of the Debtors' necessary postpetition operating expenses on a current basis.

2. The Debtors' Bankruptcy Filing

The Debtor's bankruptcy filing was necessitated by the noticed February 15, 2011 foreclosure sale of the Carter's Grove Plantation. The Colonial Williamsburg Foundation, the seller of Carter's Grove Plantation, is owed approximately $4 million on account of its purchase money note. In addition, Carter's Grove is encumbered by a second deed of trust in favor of AVN Air, LLC in the amount of $5 million and a third deed of trust in favor of Sotheby's in the amount of $3.4 million. The Debtor believes that the value of Carter's Grove Plantation is well in excess of these encumbrances, and that there is substantial equity in Carters' Grove Plantation. In addition, the Debtor is investigating claims it may have against the Colonial Williamsburg Foundation for alleged failure to disclosure or active concealment of water damage to Carter's Grove Plantation.

## II.

## THE COURT SHOULD AUTHORIZE THE DEBTORS TO RETAIN THE FIRM AS GENERAL BANKRUPTCY COUNSEL

A. **The Firm is Well-Qualified to Represent the Debtor**

The Debtor seeks authority to retain the Firm to provide the legal services that will be required to guide this chapter 11 case. The Debtor desires to retain the Firm because of its expertise in the areas of insolvency, business reorganizations, and other debtor/creditor matters. The Firm has served as general bankruptcy counsel to a wide range of debtors in various industries. In addition, the Firm has served as counsel to the unsecured creditors' committees in numerous chapter 11 cases. The Firm also has extensive experience in representing trustees, individual creditors, special interest committees, asset purchasers, and investors in both in and out-of-court restructurings. A copy of the qualifications of the attorneys in the Firm is attached hereto as **Exhibit A**. The Firm's depth of experience in the areas of insolvency, business reorganizations, and debtor/creditor matters makes it

4

qualified to represent the Debtor. Therefore, the Debtor believes that the Firm's retention is in the best interests of the bankruptcy estate.

**B.    The Legal Services to be Provided by the Firm for the Debtor**

The Firm's services are necessary to enable the Debtor to faithfully execute its duties as a debtor in possession. Subject to further order of this Court, and without being exhaustive, the Firm proposes to render the following types of legal services to the Debtor:

a.    to assist, advise, and represent the Debtor in his consultations with creditors regarding the administration of this case;

b.    to assist, advise, and represent the Debtor in any manner relevant to a review of the Debtor's leases and other contractual obligations, and asset dispositions;

c.    to assist, advise, and represent the Debtor in any issues associated with the acts, conduct, assets, liabilities, and financial condition of the Debtor;

d.    to assist, advise, and represent the Debtor in the negotiation, formulation, and drafting of any plan of reorganization and disclosure statement;

e.    to assist, advise, and represent the Debtor in the performance of its duties and the exercise of its powers under the Bankruptcy Code, the Bankruptcy Rules, and any applicable local rules and guidelines; and

f.    to provide such other necessary advice and services as the Debtor may require in connection with this chapter 11 case.

The Firm commenced rendering prepetition services to Mr. Minor on his own behalf and on behalf of the Debtor on or about January 18, 2011. A copy of the Firm's current retention agreement with the Debtor and Mr. Minor is attached hereto as **Exhibit B**. The retention agreement includes a waiver of any potential conflicts on account of the joint representation of Mr. Minor and the Debtor.

**C.    Compensation of the Firm by the Debtor and Other Disclosures**

The Firm received payment of $75,000 from Mr. Minor prior to commencing this case. The payment was for all services rendered to Mr. Minor and Carter's Grove prior to the filing of this bankruptcy case. Accordingly, the Firm is not a creditor of the Debtor.

5
59801-001\DOCS_SF:75905.5
Case: 11-30554    Doc# 18    Filed: 02/28/11    Entered: 02/28/11 15:52:29    Page 5 of 7

There are no arrangements between the Firm and any other entity for the sharing of compensation received or to be received in connection with this case, except insofar as such compensation may be shared among the partners, of counsel and associates of the Firm.

Subject to the approval of the Court under applicable provisions of the Bankruptcy Code, the Debtor proposes to pay the Firm its customary hourly rates in effect from time to time and to reimburse the Firm for its expenses according to its customary reimbursement policies. The attorneys, and paralegal, currently expected to be principally responsible for this matter, and their respective current hourly rates, are as follows: Attorneys Richard M. Pachulski ($950) Debra I. Grassgreen ($795), John W. Lucas ($495), and Paralegal Patricia J. Jeffries ($255). These rates are subject to generally applicable increases as put into effect from time to time by the Firm.

The Firm categorizes its billing into subject matter categories in compliance with *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees* promulgated by the United States Bankruptcy Court for the Northern District of California (the "Fee Guidelines"). The Firm understands that its compensation in these cases is subject to approval of this Court, after notice and a hearing, in accordance with sections 328(a) and 330(a) of the Bankruptcy Code, Bankruptcy Rule 2016, the UST Guidelines, and the Fee Guidelines, as an expense of administration pursuant to sections 507(b) and 503(b) of the Bankruptcy Code. The Firm may seek interim compensation during the cases as permitted by section 331 of the Bankruptcy Code.

To the best of the Debtor's knowledge, and based upon and except as set forth in the *Declaration of Debra I. Grassgreen in Support of Application to Employ Pachulski Stang Ziehl & Jones LLP as General Bankruptcy Counsel to the Debtors* (the "Grassgreen Declaration"), filed concurrently herewith, neither the Firm, nor any of its partners, of counsel, or associates has any connection with the Debtor, his creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, any person employed in the office of the United States Trustee, or any insider of the Debtor. In addition, the Firm does not employ any person that is related to a judge of this Court or the United States Trustee for Region 17.

To the best of the Debtor's knowledge and based on the Grassgreen Declaration, neither the Firm, nor any of its partners, of counsel, or associates represent any interest adverse to the Debtor or the estate, except as described in the Grassgreen Declaration.

To the best of the Debtor's knowledge and based on the Grassgreen Declaration, the Firm is a disinterested person under applicable sections of the Bankruptcy Code.

**WHEREFORE**, the Debtor respectfully requests that this Court approve the employment of Pachulski Stang Ziehl & Jones LLP as general bankruptcy counsel, effective as of the Petition Date, under section 327(a) of the Bankruptcy Code to render the services described above and with compensation to be paid in accordance with sections 330(a) and 331 of the Bankruptcy Code as an expense of administration pursuant to sections 507(b) and 503(b) of the Bankruptcy Code in such amounts and at such times as this Court may hereafter determine and allow.

Dated: February 28, 2011        CARTER'S GROVE, LLC

By  /s/ Halsey M. Minor
    Halsey McLean Minor Revocable Trust 11304
    Halsey M. Minor, Trustee

Respectfully submitted by:

PACHULSKI STANG ZIEHL & JONES LLP

By  /s/ Debra I. Grassgreen
    Debra I. Grassgreen
    John W. Lucas
    [Proposed] Attorneys for Debtors
    and Debtors in Possession

7

33801-001\DOCS_SF:75905.3

Case: 11-30554    Doc# 18    Filed: 02/28/11    Entered: 02/28/11 15:52:29    Page 7 of 7