# EXHIBIT C

# DEED OF TRUST NOTE

County of James City, Virginia

December 17, 2007

U.S. $10,300,000.00

## IMPORTANT NOTICE

**THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS THE CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.**

FOR VALUE RECEIVED, CARTER'S GROVE, LLC, a Virginia limited liability company, as maker (the "Maker"), promises to pay, without offset or deduction, to the order of THE COLONIAL WILLIAMSBURG FOUNDATION ("Holder"), the principal sum of TEN MILLION THREE HUNDRED THOUSAND AND 00/100 DOLLARS ($10,300,000.00), together with interest from the date hereof on the unpaid principal balance at the rate of six percent (6%) per annum at P. O. Box 1776, Williamsburg, Virginia 23187, or at such other place as the holder hereof may hereafter from time to time designate in writing, in lawful money of the United States of America which shall be legal tender in the payment of all debts and dues, public and private, at the time of payment.

This Note shall be payable in six consecutive semi-annual installments of principal in the amount of ONE MILLION SEVEN HUNDRED SIXTEEN THOUSAND SIX HUNDRED SIXTY-SIX AND 67/100 DOLLARS ($1,716,666.67) each, together with all accrued and unpaid interest as of the date of such principal payment, beginning July 15, 2008 and thereafter continuing on January 15, 2009, July 15, 2009, January 15, 2010, July 15, 2010, and January 15, 2011.

If not paid earlier, all outstanding principal, interest, and other applicable fees, costs and charges, if any, shall be due and payable in full on January 15, 2011 ("Maturity Date").

If Maker fails to make timely payment within fifteen (15) days of its due date, the Maker agrees to pay a late charge of five percent (5%) of any payment due. This Note may be prepaid in whole or in part at any time and from time to time without any prepayment premium or penalty.

The happening of any of the following events shall constitute an event of default ("Event of Default"): (1) the failure to make when due any payment demanded herein, whether of principal, interest, late charges or otherwise and such failure continues for a period of fifteen (15) days following the date due; (2) the failure after expiration of applicable cure periods, if any, to perform, observe or comply with any of the terms, warranties, covenants, obligations or conditions, other than the obligations to pay monies, contained in this Note or in any deed of trust (the "Security Documents") which may now be executed for the purpose of securing this Note to the Holder; (3) the termination of, or occurrence of any other event affecting the validity of this Note or the validity and priority of any of the Security Documents; (4) the intentional dissolution or termination of existence of the Maker; (5) the application by a third party for the appointment of a receiver or custodian for Maker or the property of Maker or any guarantor of this Note, or the entry of an order

for relief or the filing of an involuntary petition against Maker or any guarantor of this Note, under the provisions of any bankruptcy or insolvency law, or any assignment for the benefit of creditors against Maker or any guarantor of this Note, and any such involuntary appointment, order, bankruptcy proceeding, or assignment is not dismissed within ninety (90) days of execution, filing or commencement; or (6) the application for the appointment of a receiver or custodian for Maker or any guarantor of this Note, or the property of Maker or the filing of a voluntary petition by Maker or any guarantor of this Note, under the provisions of any bankruptcy or insolvency law, or any assignment for the benefit of creditors by Maker or any guarantor of this Note.

Upon the happening of any Event of Default, and expiration of the applicable notice and cure periods, if any, this Note shall, at the sole option of the Holder, become immediately due and payable without further notice to or demand on Maker. If payment is not made upon demand, Maker shall be deemed to be in default and Holder shall be entitled to interest on the unpaid balance of this Note at the lesser of (a) the prime rate as published periodically in the Wall Street Journal plus 4.00% per annum or (b) the maximum rate allowed by law (the "Default Rate") from the time of demand until paid in full. The remedies provided in this Note and any other agreement between Maker and Holder are cumulative and not exclusive of any other remedies provided by law.

This Note may not be changed orally, but only by an agreement in writing, signed by the party against whom enforcement or any waiver, change, modification or discharge is sought.

Any notice shall be conclusively deemed to have been received by a party hereto and be effective on the day on which delivered personally to such party at the address set forth below (or at such other address as such party shall specify to the other party in writing) or if sent by registered or certified United States mail, postage prepaid, on the second business day after the day on which mailed, addressed to such party at such address:

(a) If to the Maker, to:

c/o Minor Ventures
199 Fremont Street, 12th Floor
San Francisco, CA 94105

With a copy to:

Steven W. Blaine, Esq.
LeClairRyan
123 East Main Street, 8th Floor
Charlottesville, VA 22902

2

(b) If to the Holder, to:

The Colonial Williamsburg Foundation
P.O. Box 1776
Williamsburg, VA 23187
Attn: Senior Vice President for Finance and Administration

With a copy to:

Paul W. Gerhardt, Esq.
Kaufman & Canoles, P.C.
4801 Courthouse Street, Suite 300
Williamsburg, VA 23188

Maker hereby waives presentment, demand, protest, notices of dishonor and of protest, the benefits of homestead, and all other waivable exemptions, and all defenses and pleas on the ground of any extension(s) of the time of payment or of the due dates of this Note, in whole or in part, before or after maturity, with or without notice, it being further agreed by all parties that Maker will pay any collection expense, court costs, and reasonable attorney's fees which may be incurred in the collection or enforcement of this Note or any part hereof.

**JUDGMENT BY CONFESSION**

THE UNDERSIGNED HEREBY DULY CONSTITUTE AND APPOINT GAIL M. WADDELL AS THE TRUE AND LAWFUL ATTORNEY-IN-FACT FOR THEM IN ANY OR ALL OF THEIR NAMES, PLACE AND STEAD, AND UPON THE OCCURRENCE OF AN EVENT OF DEFAULT, TO CONFESS JUDGMENT AGAINST THEM, OR ANY OF THEM, IN THE CIRCUIT COURT FOR THE CITY OF WILLIAMSBURG, VIRGINIA, UPON THIS NOTE AND ALL AMOUNTS OWED HEREUNDER, INCLUDING ALL COSTS OF COLLECTION, REASONABLE ATTORNEYS' FEES AND COURT COSTS, HEREBY RATIFYING AND CONFIRMING THE ACTS OF SAID ATTORNEY-IN-FACT AS IF DONE BY THEMSELVES, EXPRESSLY WAIVING BENEFIT OF ANY HOMESTEAD OR OTHER EXEMPTION LAWS.

This Note is secured by a deed of trust ("Deed of Trust"), of even date herewith, conveying certain real estate in the County of James City, Virginia, and commonly known as Carter's Grove (the "Property"), to Manus E. Holmes, as trustee (who countersigns this Note to identify it as the note described in said Deed of Trust), which Deed of Trust is intended to be recorded forthwith in the Clerk's Office of the Circuit Court of the County of James City, Virginia.

WITNESS the following signature and seal thereunto duly authorized:

CARTER'S GROVE, LLC, a Virginia limited liability company

By: _____
Halsey M. Minor, Manager

STATE OF _____ )
                                        ) to Wit:
CITY/COUNTY OF _____ )

The foregoing Deed of Trust Note was acknowledged before me in the _____, _____ this the ____ day of _____, 20__ by Halsey M. Minor, who is ____ personally known to me, or ____ who produced _____ as identification, as Manager of Carter's Grove, LLC, a Virginia limited liability, on its behalf.

_____
Notary Public

My commission expires: _____
My registration number is: _____

    The undersigned endorser and guarantor ("Guarantor") agrees to be bound by all the terms of this Note and to absolutely and unconditionally guaranty full and timely payment of all amounts due under this Note and payment and performance under any other document or agreement securing the Note, in accordance with their respective terms, including, without limitation, payment of all unpaid principal, interest, late charges, costs and expenses of collection, including, without limitation, reasonable attorneys' fees, if incurred.

    This is a guaranty of payment and not of collection, and the Guarantor expressly waives any right to require that any action be brought against the Maker or to require that resort be had to any security. This guaranty shall be a continuing guaranty, not affected or diminished by any indulgence or extension of time that may be granted by the Holder to the Maker, or, by any amendment to the Note or documents securing the same, or by Maker's discharge in bankruptcy, or the cessation from any cause whatsoever of the liability of the Maker under this Note or any documents securing the same. The Guarantor subordinates all obligations of the Maker owing to the Guarantor, whether now existing or hereafter arising, to the full and prompt payment of all obligations and indebtedness of the Maker now or hereafter owing to the holder of this Note. Following the occurrence of an Event of Default as defined herein, above, any amounts received by

Guarantor as payment on subordinated indebtedness shall be deemed to be held in trust for the holder of this Note by Guarantor and shall be paid over to such holder without reducing or affecting in any manner the liability of the Guarantor except to the extent of such payment. So long as any amount is due under this Note or under any other document or agreement securing this Note, the Guarantor waives, relinquishes and renounces any right of subrogation, indemnity, reimbursement or any claim whatsoever that the Guarantor may have against the Maker arising out of or in any way connected with this Guaranty of Maker's obligations hereunder; and the Guarantor hereby agrees that the Guarantor will not assert any such claim against the Maker in any proceeding, legal or equitable, including any bankruptcy, insolvency or reorganization proceeding. The provisions of this Guaranty shall inure to the benefit of, and shall be enforceable by, the holder of this Note, its successors and assigns, including any trustee in bankruptcy or debtor-in-possession.

_____
Halsey McLean Minor

STATE OF _____ )
                             ) to Wit:
CITY/COUNTY OF _____ )

The foregoing Deed of Trust Note was acknowledged before me in the _____, _____, this the ____ day of _____, 20__ by Halsey McLean Minor, who is ____ personally known to me, or ____ who produced _____ as identification.

_____
Notary Public

My commission expires: _____
My registration number is: _____

COUNTERSIGNED for identification only:

_____
Manus E. Holmes, Trustee

6171631\4

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of **Los Angeles** } ss.

On **12/17/07**, before me, **Sharron Callender Craig**,
Name and Title of Officer (e.g., "Jane Doe, Notary Public")

personally appeared **Halsey M. Minor**
Name(s) of Signer(s)

☐ personally known to me
☐ ~~proved~~ to me on the basis of satisfactory evidence

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

*Signature: Sharron Callender Craig*

Signature of Notary Public

[Notary Seal: SHARRON CALLENDER CRAIG, Commission # 1571530, Notary Public - California, Los Angeles County, My Comm. Expires May 19, 2009]

Place Notary Seal Above

--- **OPTIONAL** ---

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**
Title or Type of Document: **Deed of Trust Note**

Document Date: **12/5/07**   Number of Pages: **5**

Signer(s) Other Than Named Above: **none**

**Capacity(ies) Claimed by Signer**
Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☒ Other: **Manager LLC**

Signer Is Representing: **Carter's Grove, LLC**

RIGHT THUMBPRINT OF SIGNER
Top of thumb here.

© 1999 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.nationalnotary.org   Prod. No. 5907   Reorder: Call Toll-Free 1-800-876-6827

Case: 11-30554   Doc# 23-4   Filed: 03/03/11   Entered: 03/03/11 18:32:14   Page 7 of 8

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of __Los Angeles__ } ss.

On __12/17/07__, before me, __Sharron Callender Craig__,
Date                         Name and Title of Officer (e.g., "Jane Doe, Notary Public")

personally appeared __Halsey McLean Minor__,
                    Name(s) of Signer(s)

☐ personally known to me
☐ proved to me on the basis of satisfactory evidence

to be the person(s) whose name(s) is/~~are~~ subscribed to the within instrument and acknowledged to me that he/~~she/they~~ executed the same in his/~~her/their~~ authorized capacity(~~ies~~), and that by his/~~her/their~~ signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_Sharron Callender Craig_
Signature of Notary Public

[Notary Seal: SHARRON CALLENDER CRAIG, Commission # 1571530, Notary Public - California, Los Angeles County, My Comm. Expires May 19, 2009]

Place Notary Seal Above

---------- OPTIONAL ----------

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**
Title or Type of Document: __Deed of Trust Note - Guarantee__

Document Date: __12/17/07__   Number of Pages: __5__

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer**
Signer's Name: __Halsey McLean Minor__
☐ ~~Individual~~
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

© 1999 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.nationalnotary.org   Prod. No. 5907   Reorder: Call Toll-Free 1-800-876-6827