# EXHIBIT D

Tax ID Nos: 591-01-00-030  070034970  Consideration: $10,300,000.00
582-01-00-002

# DEED OF TRUST

**THIS DEED OF TRUST** is made this 17th day of December, 2007, by and among **CARTER'S GROVE, LLC,** a Virginia limited liability company, ("Grantor"), and **MANUS E. HOLMES** the business address of whom is c/o First American Title Insurance Company, 1051 East Cary Street, Suite 1111, Richmond, Virginia 23219, as Trustee (the "Trustee") (index as a "Grantee"), and **THE COLONIAL WILLIAMSBURG FOUNDATION**, a Virginia non-stock, non-profit corporation ("Beneficiary") (index as a "Grantee");

## WITNESSETH:

WHEREAS, Grantor is the owner of certain parcels of land, together with all appurtenances thereunto belonging, located in the County of James City, Virginia and more particularly described in **EXHIBIT A** attached hereto (the "Land"); and

WHEREAS, Grantor is indebted to the Beneficiary for a purchase money loan in the amount of Ten Million Three Hundred Thousand and no/100 Dollars ($10,300,000.00) (the "Loan"); and

WHEREAS, Grantor has executed and delivered to the Beneficiary a Deed of Trust Note of even date herewith (the "Note"), payable to the order of the Beneficiary in the original principal sum of Ten Million Three Hundred Thousand and no/100 Dollars ($10,300,000.00); and

WHEREAS, to induce the Beneficiary to make the Loan, Grantor has agreed to secure such debt and interest and the undertakings prescribed in the Note and this Deed of Trust by the conveyance of the Premises (hereinafter defined);

NOW, THEREFORE, for and in consideration of the Loan and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Grantor hereby grants and conveys with general warranty the Premises to the Trustee;

TOGETHER with all buildings and other improvements (the "Improvements") now or hereafter erected on the Land and all rights, appurtenances, easements, privileges, remainders and reversions now or hereafter appertaining thereto; all fixtures and equipment now or hereafter owned by the Grantor and now or at any time hereafter affixed to, attached to, placed upon or used in any way in connection with the use, enjoyment, occupancy or operation of the Improvements or the Land (with the Improvements and the Land being sometimes hereinafter

Prepared By/return to:
Kaufman & Canoles, P.C.
4801 Courthouse Street, Suite 300
Williamsburg, VA 23188

Page 1 of 23

Case: 11-30554   Doc# 23-5   Filed: 03/03/11   Entered: 03/03/11 18:32:14   Page 2 of 10

collectively referred to as the "Premises"), including, but not limited to, all plumbing and electric apparatus and equipment, cleaning and maintenance equipment, all boilers, tanks, engines, motors, power equipment, piping and plumbing fixtures, pumps, heating and air conditioning equipment and systems and lighting equipment and systems and replacements of all of the foregoing, all building materials and equipment now or hereafter delivered to the Premises and stored thereon, and all interest of any owner of the Premises in any of the foregoing items at any time acquired under conditional sales or installment sales contracts.

TOGETHER with all leases and contracts of or relating to the Premises, and all guarantees thereof, in each case whether written or oral, whether now existing or hereafter entered into, and all rents, income, revenue, issues and profits (the "Rents and Profits") now or hereafter arising from the Premises, provided that until the occurrence of an Event of Default (as hereinafter defined) and the election of the Beneficiary to collect the Rents and Profits after an Event of Default, the Grantor shall have a revocable license to collect and dispose of the Rents and Profits without restriction, and provided further that this assignment shall not impose on the Trustee or the Beneficiary any of the Grantor's obligations under such leases and contracts or otherwise.

TOGETHER with all easements, rights-of-way, strips and gores of land, vaults, streets, ways, alleys, passages, sewer rights, waters, water courses, water rights and powers, shrubs, crops, trees, timber and other emblements now or hereafter located on the Premises or under or above the same or any part thereof, and all estate, rights, titles, interests, minerals, royalties, easements, privileges, liberties, tenements, hereditaments and appurtenances, reversion or reversions, remainder and remainders whatsoever, in any way belonging, relating or appertaining to the Premises or any part thereof, or which hereafter shall in any way belong, relate or be appurtenant thereto, whether now owned or hereafter acquired by the Grantor.

TOGETHER with all insurance policies, contracts, permits, approvals, licenses or plans now or hereafter pertaining to, affecting or concerning the Premises, including, without limitation, all rights accruing to the Grantor from any and all contracts with all contractors, architects, engineers, subcontractors or others relating to the design, development, construction, use, enjoyment, occupancy or operation of the Improvements on or upon the Land, including performance and materialmen's bonds and any other related items; and

TOGETHER with all proceeds of the conversion, voluntary or involuntary, of any of the foregoing into cash or liquidated claims including, without limitation, proceeds of insurance and condemnation awards.

IN TRUST to secure the payment of the Note, together with any and all renewals, extensions, substitutions, modifications and consolidations thereof, and the performance of the covenants contained in this Deed of Trust and any modification hereof and thereof.

1. <u>Representations, Warranties and Covenants of Grantor</u>. Grantor represents, warrants, covenants and agrees with the Trustee and the Beneficiary (and its respective successors and assigns) as follows:

Case: 11-30554   Doc# 23-5   Filed: 03/03/11   Entered: 03/03/11 18:32:14   Page 3 of 10

(a) <u>Authority</u>. The Grantor has taken all necessary action to authorize the execution, delivery and performance of the Note, this Deed of Trust and the other Loan Documents (as hereinafter defined) and all transactions and documents contemplated hereby and thereby.

(b) <u>Binding Effect and Enforceability</u>. The Note and this Deed of Trust, when issued and delivered to the Beneficiary for value received, will constitute legal, valid and binding obligations of Grantor, enforceable in accordance with the terms thereof.

(c) <u>Approvals</u>. The execution, delivery and performance of the Note and this Deed of Trust and the transactions contemplated hereby and thereby, do not require any approval or consent of, or filing or registration with, any governmental or any other agency or authority, or of any other party, or if any such approval is required, the same has been obtained.

(d) <u>No Default</u>. Grantor is not in default in the payment of the principal of or interest on any indebtedness for borrowed money and is not in default under any instrument under and subject to which any indebtedness has been incurred, and no event has occurred and is continuing under the provisions of any such agreement that with the lapse of time or the giving of notice, or both, would constitute an event of default thereunder.

(e) <u>Litigation</u>. No litigation at law or in equity or any proceeding before any governmental agency involving the Grantor is pending or, to the knowledge of the Grantor, threatened in which any liability of the Grantor is not adequately covered by insurance or in which any judgment or order would have a material adverse effect upon the business or assets of the Grantor or that would affect its capacity to do business, the validity of the Note, this Deed of Trust or any other Loan Document or the performance of the Grantor's obligations hereunder and thereunder.

(f) <u>No Conflict</u>. The execution and delivery of the Note, this Deed of Trust and each of the other Loan Documents to which the Grantor is a party and the performance by the Grantor of its obligations hereunder and thereunder and the consummation of the transactions contemplated herein and therein will not (1) violate the Articles of Organization, Operating Agreement or other organizational documents of Grantor, (2) constitute a default under any agreement or other instrument, or (3) result in a violation of any constitutional or statutory provision or order, rule, regulation, decree or ordinance of any court, government or governmental authority having jurisdiction over the Grantor or its property.

(g) <u>No Material Misstatements</u>. Neither the Note, this Deed of Trust nor any written statements furnished by or on behalf of the Grantor in connection with the Loan or the Loan Documents contain any untrue statement of a material fact or omit a material fact necessary to make the statements contained therein or herein not misleading. There is no fact that the Grantor has not disclosed in writing to the Beneficiary that materially affects adversely the properties, business, prospects, profits or condition (financial or otherwise) of Grantor or the ability of the Grantor to perform his obligations under the Note or this Deed of Trust.

(h) Priority. Upon the recordation of this Deed of Trust, the Beneficiary will hold a first priority security interest in and lien on the Premises, free and clear of any other liens, security interests and encumbrances.

(i) Note Payments. Grantor shall make timely payments on the Note in the amounts, in the manner and at the place set forth therein, together with all other sums due thereunder and hereunder, when and as the same shall become due. This Deed of Trust secures payment of the Note according to its terms, which are incorporated herein by reference.

(j) Performance. Grantor shall perform and comply fully with the provisions of the various documents and instruments executed by the Grantor in connection with the Loan, including, without limitation, the Note and this Deed of Trust (collectively, the "Loan Documents").

(k) Taxes. Grantor shall pay when due all taxes, charges and assessments levied against it and the Premises or which may become a lien upon the Premises before any penalty or interest accrues thereon. In the event of the passage after the date of this Deed of Trust of any law changing in any way the laws now in force for state or local taxation of mortgages, deeds of trust or debts secured thereby, or the manner of the collection of any such taxes, so as to affect this Deed of Trust, the whole principal sum (together with interest) secured by this Deed of Trust shall, at the option of the Beneficiary and without notice, become immediately due and payable.

(l) Insurance. Grantor shall continually maintain liability insurance (naming the Beneficiary as an additional insured), in such a manner and in such amounts as the Beneficiary may from time to time reasonably require on the Premises with coverages including, without limitation, liability for bodily injury, death and property damage, but in no event shall the liability limit be less than Five Million Dollars ($5,000,000) per occurrence and Ten Million Dollars ($10,000,000) in the aggregate. All policies of insurance shall be reasonably satisfactory in form and substance to the Beneficiary and shall be written with a company or companies licensed to do business in the Commonwealth of Virginia.

(m) Repairs. Grantor shall keep and maintain the Premises in good condition, order and repair and shall not commit or permit any waste or any other thing whereby the value of the Premises might be impaired. Grantor shall not materially alter or demolish the Improvements without the prior written consent of the Beneficiary.

(n) Escrow Deposits. Upon the failure of the Grantor to pay the taxes and/or insurance as requested hereunder and after demand of the Beneficiary, the Grantor shall add to each periodic payment required under the Note the amount estimated by the Beneficiary to be sufficient to enable the Beneficiary to pay, as they come due, all taxes, charges, assessments and insurance premiums which the Grantor is required to pay hereunder. Any deficiency occasioned by an insufficiency of such additional payments shall be forthwith deposited by the Grantor with the Beneficiary upon demand.

Case: 11-30554   Doc# 23-5   Filed: 03/03/11   Entered: 03/03/11 18:32:14   Page 5 of 10

(o) <u>Compliance with Laws</u>. Grantor shall promptly comply with any applicable legal requirements of the Commonwealth of Virginia or other federal, state or local governmental entity, agency or instrumentality relating to the Premises or any part thereof.

(p) <u>Condemnation Award</u>. Any award for the taking of, or damages to, all or any part of the Premises or any interest therein upon the lawful exercise of power of eminent domain, or under threat of the exercise of such power, shall be payable to the Beneficiary. Grantor hereby appoints the Beneficiary its attorney-in-fact to receive and give all appropriate discharges for any such award. This power of attorney shall be deemed to be a power coupled with an interest which cannot be revoked. The Beneficiary may apply the sums so received to the portion of the debt secured hereby in such manner as the Beneficiary may desire.

(q) <u>Payments by Beneficiary</u>. If Grantor shall be in default in the timely payment or performance of any of its obligations under the Loan Documents, the Beneficiary, at its option, may pay the sums (or any portion thereof) for which Grantor is obligated. Further, the Beneficiary, at its option, may advance, pay or expend such sums as may be proper and necessary for the protection of the Premises and the maintenance of this trust including but not limited to sums to satisfy taxes or other levies, and assessments or liens, to maintain insurance (including title insurance), to make repairs and to provide security guards. Any amounts so advanced, paid or expended shall be deemed principal advances secured by this Deed of Trust and its payment enforced as if it were a part of the original debt. Any such sum expended, paid or advanced shall be at the Beneficiary's sole option and not constitute a waiver of any default or right arising from the breach by Grantor of any covenant or agreement contained in the Loan Documents.

(r) <u>Continuing Lien</u>. The lien of this Deed of Trust shall not be affected by any or all of the following: (a) the sale of all or a part of the Premises, (b) the assumption by another party of Grantor's obligations hereunder, (c) the forbearance or extension of time for payment or performance of any obligation hereunder, or (d) the release of all or any part of the Premises securing such obligations or the release of any party who assumes payment of the same.

(s) <u>Attorneys' Fees</u>. In the event Grantor shall default in any of its obligations under the Loan Documents and in the opinion of the Beneficiary it becomes necessary or proper to employ an attorney to assist in the enforcement or collection of the indebtedness owed by Grantor to the Beneficiary or to enforce compliance by Grantor with any of the provisions of the Loan Documents, or in the event the Beneficiary or the Trustee voluntarily or otherwise shall become a party to any suit or legal proceeding (including a proceeding conducted under any bankruptcy law) to protect the Premises, to protect the lien of this Deed of Trust, to enforce collection of the indebtedness owed by Grantor to the Beneficiary or to enforce compliance by Grantor with any of the provisions of the Loan Documents, then Grantor agrees to pay reasonable attorneys' fees and all of the costs that may reasonably be incurred, and such fees and costs shall be secured by this Deed of Trust and its payment enforced as if it were a part of the original debt. Grantor shall be liable for such reasonable attorneys' fees and costs whether or not any suit or proceeding is commenced.

Case: 11-30554    Doc# 23-5    Filed: 03/03/11    Entered: 03/03/11 18:32:14    Page 6 of 10

(t) <u>Anti-Marshalling Provision</u>. The right is hereby given by the Grantor to the Trustee and the Beneficiary to make partial releases or releases of security hereunder (whether or not such releases are required by agreement among the parties) agreeable to the Trustee and the Beneficiary without notice to, or the consent, approval or agreement of other parties and interests, including junior lienors and purchasers subject to the lien of this Deed of Trust, which partial release or releases shall not impair in any manner the validity or priority of this Deed of Trust on the Premises remaining hereunder. Notwithstanding the existence of any other security interests in the Premises held by the Beneficiary or by any other party, the Beneficiary shall have the right to determine the order in which any or all of the Premises shall be subjected to the remedies provided herein. The Beneficiary shall have the right to determine the order in which any or all portions of the indebtedness secured hereby are satisfied from the proceeds realized upon the exercise of the remedies provided herein. The Grantor and all other persons liable hereunder hereby waive any and all right to require the marshalling of assets in connection with the exercise of any of the remedies permitted by applicable law or provided herein.

(u) <u>Transfer of Premises or Interest in Grantor</u>. Grantor shall not sell, convey, transfer, assign or permit any sale, conveyance, transfer or assignment of the Premises or any part thereof or any interest therein, by operation of law or otherwise, without the prior written consent of the Beneficiary (which consent, which need not be given, may be conditional upon such modification of the terms of the Note and the payment of such fees and other charges as the Beneficiary may in its sole discretion require). The Grantor shall maintain its existence as a Virginia limited liability company and shall not consolidate with or merge into any other Person, wind up, liquidate or dissolve its affairs or enter into any agreement to do any of the foregoing, without the prior written consent of the Beneficiary. The Grantor shall not consolidate or merge with or into any other entity or convey or transfer its properties and assets substantially as an entirety to any entity. For so long as the lien of this Deed of Trust exists on any of the Premises, (A) the Grantor will not voluntarily or involuntarily commence a case with respect to itself, as debtor, under the Federal Bankruptcy Code or any similar federal or state statute, and (B) no material amendment to the Articles of Organization or Operating Agreement, including, without limitation, a change of control, may be made without first obtaining approval of the Beneficiary. Any indemnification of the Grantor to its beneficiaries or any guarantor of the Loan or "Affiliates" (hereinafter defined) or otherwise shall be fully subordinated to any obligations respecting the Premises and shall not constitute a claim against the Grantor in the event that cash flow in excess of amounts necessary to pay holders of such obligations is insufficient to pay such obligations. For purpose of the clause above, the following terms shall have the following meanings:

"Affiliate" means any person controlling or controlled by or under common control with the Grantor including, without limitation (A) any person who has a familial relationship, by blood, marriage or otherwise with any partner or employee of the Grantor, or any Affiliate thereof and (B) any person which receives compensation for administrative, legal or accounting services from the Grantor, or any Affiliate of it. For purposes of this definition, "control" when used with respect to any specified person, means the power to direct the management and policies of such person, directly or indirectly, whether through the ownership

Case: 11-30554    Doc# 23-5    Filed: 03/03/11    Entered: 03/03/11 18:32:14    Page 7 of 10

of voting securities, by contract or otherwise; and the terms "controlling" and "controlled" have meanings correlative to the foregoing.

"Person" means any individual, corporation, partnership, limited liability company, joint venture, association, joint stock company, trust (including any beneficiary thereof), unincorporated organization, or government or any agency or political subdivision thereof.

(v) <u>Application of Payments</u>. Until the occurrence and continuance of any Event of Default, all payments and other sums of money received by the Beneficiary shall be applied by the Beneficiary first to amounts due the Beneficiary pursuant to subparagraph 1(q) hereof, then to amounts payable by Grantor under the Note, then to the principal of the Note. Following the occurrence and continuance of an Event of Default, all such amounts shall be applied in such order as the Beneficiary may elect.

(w) <u>Indemnity</u>. Except as otherwise provided herein, the Grantor shall protect, indemnify and save harmless the Trustee and the Beneficiary from and against all liabilities, obligations, claims, damages, penalties, causes of action, costs and expenses (including, without limitation, reasonable attorneys' fees and expenses) imposed upon or incurred by or asserted against any Trustee or the Beneficiary in connection with the Premises, the Loan, the Loan Documents or any related matter.

2. <u>Environmental</u>. Grantor represents and warrants that (i) Grantor has no knowledge of any discharge, spillage, uncontrolled loss, seepage or filtration (a "Spill") of oil, petroleum or chemical liquids or solids, liquid or gaseous products or any hazardous waste or hazardous substance, as those terms are used in the Comprehensive Environmental Response, Compensation and Liability Act of 1980 or in any other federal, state or local law, regulation or ordinance governing toxic wastes, toxic or hazardous substances, petroleum hydrocarbons, asbestos, PCB's, liquid wastes and any other environmental contaminants as such laws may be amended from time to time (collectively the "Act"), at, upon, under or within the Premises or any contiguous real estate, and (ii) Grantor has not caused or permitted to occur, and shall not permit to exist, any condition which may cause a Spill at, upon, under or within the Premises or any contiguous real estate.

3. <u>Security Agreement</u>. This Deed of Trust, to the extent that it relates to personal property located on the Land only (the "Collateral"), is a security agreement and shall support any financing statement filed showing the Beneficiary's interest as a secured party, lienholder or creditor with respect to any personal property mentioned in such financing statement. Grantor shall pay all costs of filing such financing statements and any extensions, renewals, amendments and releases thereof, and shall pay all costs and expenses (including reasonable legal fees) of any record searches for financing statements the Beneficiary may reasonably require. Without the prior written consent of the Beneficiary, Grantor shall not create, or suffer to be created pursuant to the Uniform Commercial Code (the "UCC"), as adopted in the Commonwealth of Virginia, any other security interest in said personal property, including replacements and additions thereto. In the event of a default of any covenant or agreement of Grantor contained in this Deed of Trust, the Beneficiary shall, in addition to all other rights and remedies herein provided, have all the remedies accorded a secured party under the UCC.

Case: 11-30554    Doc# 23-5    Filed: 03/03/11    Entered: 03/03/11 18:32:14    Page 8 of 10

4. <u>Event of Default</u>. Upon the occurrence of any one or more of the following events, there shall be an event of default (an "Event of Default") hereunder:

(a) Failure to make due and punctual payment of any sum when due under the Note or this Deed of Trust if such failure continues for fifteen (15) days.

(b) Failure by Grantor to perform or comply with any of the other covenants, agreements, terms and conditions contained in the Loan Documents and such failure shall continue for thirty (30) days after written notice thereof from the Beneficiary to Grantor, except no such notice and opportunity to cure is required with respect to Grantor's failure to obtain the required insurance coverages.

(c) Failure by Grantor to insure the Premises as required by this Deed of Trust at any time until the Note and Deed of Trust are fully released to the satisfaction of the Beneficiary.

(d) Grantor's transfer of all or a portion of the Premises, or any interest in the owner thereof, without Seller's prior written consent.

(e) Grantor's breach of that Deed of Gift of Easement, dated December 14, 2007, among Beneficiary, Virginia Outdoors Foundation and Virginia Board of Historic Resources, that Deed of Lease (Pasture), dated the same date hereof between Grantor, as landlord, and Beneficiary, as tenant, that Deed of Lease (Museum Building), dated the same date hereof, between Grantor, as landlord, and Beneficiary, as tenant, and/or that Archaeological Agreement, dated the same date hereof, between Grantor and Beneficiary.

(f) Failure by Grantor to timely release mechanic's liens, judgment liens, or such liens within fifteen (15) days of being filed.

(g) The death, declaration of incompetency, dissolution, liquidation, transfer of substantially all the assets, termination or a material adverse change since the date of the Note in the financial condition of any Obligor.

(h) If any Obligor shall file a voluntary petition in bankruptcy or shall be adjudicated insolvent or a bankrupt or shall file a petition seeking any arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future federal, state, or other statute, law or regulation relating to bankruptcy, insolvency or other relief for debtors, or if any Obligor shall seek or consent to or acquiesce in the appointment of any Trustee, receiver or liquidator of any of them or of the Premises, or shall make any general assignment for the benefit of creditors.

(i) If a petition shall be filed against any Obligor seeking any arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future federal, state, or other statute, law or regulation, and shall remain undismissed for an aggregate of ninety (90) days, or if any Trustee, receiver or liquidator of any Obligor or of all or any substantial part of the properties owned by any Obligor or of the Premises shall be appointed without the consent or acquiescence of such Obligor, and such appointment shall remain unvacated for an aggregate of ninety (90) days.

Case: 11-30554   Doc# 23-5   Filed: 03/03/11   Entered: 03/03/11 18:32:14   Page 9 of 10

(j) If any Obligor shall suffer any judgment or decree for payment of money in an amount greater than $25,000 which is not provided for in full by insurance or any writ of attachment or execution or any similar process is issued or levied against the Premises.

As used herein, the term "Obligor" shall individually and collectively refer to the Grantor and any person or entity that is primarily or secondarily liable on the Note.

5. <u>Remedies</u>.

(a) Upon the occurrence of an Event of Default, the Beneficiary may, at its option and without further notice (unless specifically required by applicable law), declare the Note immediately due and payable and shall have the Trustee (or other person or entity designated by the Beneficiary), take possession of the Premises and proceed to sell the Premises at public auction, for cash or credit, upon any terms the Trustee shall deem appropriate. Before such sale at public auction is made, there shall first be advertisement of the time, place and terms of sale in accordance with applicable law, and there shall be given, at least fourteen (14) days prior to such sale, written notice of the time, place and terms of sale by certified or registered mail to the then owner of the Premises at its last known address, as such owner and address appear on the records of the Beneficiary. The Beneficiary may become the purchaser of the Premises so sold and, except as is otherwise provided by Section 58.1-3340 of the Code of Virginia, 1950, as amended, no purchaser shall be required to see to the proper application of the purchase money. The proceeds of any such sale shall be applied in accordance with the provisions of Section 55-59.4 of the Code of Virginia, 1950, as amended.

(b) Upon the occurrence of an Event of Default, without limitation of Beneficiary's rights of enforcement with respect to the Premises or any part thereof in accordance with the procedures for foreclosure of real estate, Beneficiary may exercise its rights of enforcement with respect to the Collateral or any part thereof under the Virginia UCC (or under the UCC in force in any other state to the extent the same is applicable law) and in conjunction with, in addition to or in substitution for those rights and remedies: (1) Beneficiary may enter upon Grantor's premises to take possession of, assemble and collect the Collateral or, to the extent and for those items of the Collateral permitted under applicable law, to render it unusable; (2) Beneficiary may require Grantor to assemble the Collateral and make it available at a place Beneficiary designates which is mutually convenient to allow Beneficiary to take possession or dispose of the Collateral; (3) written notice mailed to Grantor as provided herein at least ten (10) days prior to the date of public sale of the Collateral or prior to the date after which private sale of the Collateral will be made shall constitute reasonable notice; (4) any sale made pursuant to the provisions of this paragraph shall be deemed to have been a public sale conducted in a commercially reasonable manner if held contemporaneously with and upon the same notice as required for the sale of the Premises under power of sale as provided in paragraph (i) above (5) in the event of a foreclosure sale, whether made by Trustee under the terms hereof, or under judgment of a court, the Collateral and the Premises may, at the option of Beneficiary, be sold as a whole; (6) it shall not be necessary that Beneficiary take possession of the Collateral or any part thereof prior to the time that any sale pursuant to the provisions of this Section is conducted and it shall not be necessary that the Collateral or any part thereof be present at the location of such sale; (7) Beneficiary may appoint or delegate

Case: 11-30554   Doc# 23-5   Filed: 03/03/11   Entered: 03/03/11 18:32:14   Page 10 of 10