any one or more persons as agent to perform any act or acts necessary or incident to any sale held by Beneficiary, including the sending of notices and the conduct of the sale, but in the name and on behalf of Beneficiary.

(c) Upon the occurrence of an Event of Default, the Trustee (or other person or entity designated by the Beneficiary) at the request of the Beneficiary, shall also have the absolute right to enter the Premises and take possession thereof, and Grantor agree to surrender the Premises promptly upon demand. All the Rents and Profits received by the Trustee shall be applied to a reasonable compensation to the Trustee for its services and to the expenses of operating the Premises, with any excess to be applied to payment of amounts due under the Loan Documents. The Beneficiary and the Trustee (at the direction of the Beneficiary) may grant any extension, forbearance or other indulgence as they may deem appropriate.

(d) No right, power or remedy conferred upon or reserved to the Beneficiary or the Trustee by this Deed of Trust is intended to be exclusive of any other right, power or remedy, but each and every such right, power and remedy shall be cumulative and concurrent and shall be in addition to any other right, power and remedy given hereunder or now or hereafter existing at law or in equity or by statute.

6. <u>Trustee</u>. The Trustee shall be under no duty to take any action hereunder except as expressly required, or to perform any act which would involve the Trustee in expense or liability or to institute or defend any suit in respect hereof, unless properly indemnified to its satisfaction. All reasonable expenses, charges, counsel fees and other disbursements incurred or made by the Trustee in and about the administration and execution of the trust hereby created, and the performance of its duties and powers hereunder, shall be secured by this Deed of Trust prior to the indebtedness evidenced by the Note, and shall bear interest at the rate prescribed in the Note. Pursuant to the provisions of Section 26-49 of the Code of Virginia, 1950, as amended, or any successor provision, the Beneficiary, with or without cause, is hereby authorized and empowered to substitute and appoint, by an instrument recorded wherever this Deed of Trust is recorded, a trustee or trustees in the place of the Trustee.

7. <u>Miscellaneous</u>.

(a) <u>Successors and Assigns</u>. All the grants, covenants, terms, provisions and conditions herein shall bind Grantor and their successors and assigns and inure to the benefit of the successors and assigns of the Trustee and the endorsees, transferees, successors and assigns of the Beneficiary.

(b) <u>Governing Law</u>. This Deed of Trust shall be governed by and construed in accordance with the laws of the Commonwealth of Virginia.

(c) <u>Notices</u>. Any notice shall be conclusively deemed to have been received by a party hereto and be effective on the day on which delivered personally to such party at the address set forth below (or at such other address as such party shall specify to the other party in writing) or if sent by registered or certified United States mail, postage prepaid, on the third business day after the day on which mailed, addressed to such party at such address:

Case: 11-30554   Doc# 23-6   Filed: 03/03/11   Entered: 03/03/11 18:32:14   Page 1 of 10

|  |  |
|---|---|
| If to the Beneficiary at: | Colonial Williamsburg Foundation<br>P.O. Box 1776<br>Williamsburg, VA 23187<br>Attention: Senior Vice President for Finance and Administration |
| If to the Trustee: | Manus E. Homes<br>c/o First American Title Insurance Company<br>1051 East Cary Street, Suite 1111<br>Richmond, Virginia 23219 |
| If to the Grantor, at: | c/o Minor Ventures<br>199 Fremont Street, 12th Floor<br>San Francisco, CA 94105 |
| and to: | Steven W. Blaine, Esq.<br>LeClairRyan<br>123 East Main Street<br>Charlottesville, VA 22902 |

(d) <u>Further Assurances</u>. Grantor shall, at its cost and without expense to the Trustee or the Beneficiary, do, execute, acknowledge and deliver every such further act, deed of trust, conveyance, mortgage, assignment, notice of assignment, transfer and assurance as the Trustee or the Beneficiary shall from time to time reasonably require for the better assuring, conveying, assigning, transferring and confirming unto the Trustee or the Beneficiary the property and rights hereby conveyed or assigned or intended now or hereafter so to be or which Grantor may be or may hereafter become bound to convey or assign to the Trustee or the Beneficiary, or for carrying out the intention or facilitating the performance of the terms of this Deed of Trust, or for filing, registering or recording this Deed of Trust.

(e) <u>Severability</u>. If any term, covenant or condition of this Deed of Trust, or the application thereof to any person or circumstance, shall to any extent be invalid or unenforceable, the remainder of this Deed of Trust, or the application of such term, covenant or condition to other persons or circumstances, shall not be affected thereby, and each term, covenant or condition of this Deed of Trust shall be valid and enforceable to the fullest extent permitted by law.

(f) <u>Captions; Gender; Number</u>. The captions hereof are for convenience of reference only and shall neither limit nor enlarge the provisions hereof. All personal pronouns used herein, whether used in the masculine, feminine or neuter gender, shall include all other genders. The singular shall include the plural and vice versa unless the context specifically requires otherwise.

(g) <u>Survival</u>. All representations, warranties and covenants made by Grantor pursuant to Section 1 of this Deed of Trust shall survive (a) the sale of all or a part of the Premises, (b) the assumption by another party of the Grantor's obligations hereunder, (c) the forbearance or

Case: 11-30554   Doc# 23-6   Filed: 03/03/11   Entered: 03/03/11 18:32:14   Page 2 of 10

any one or more persons as agent to perform any act or acts necessary or incident to any sale held by Beneficiary, including the sending of notices and the conduct of the sale, but in the name and on behalf of Beneficiary.

(c) Upon the occurrence of an Event of Default, the Trustee (or other person or entity designated by the Beneficiary) at the request of the Beneficiary, shall also have the absolute right to enter the Premises and take possession thereof, and Grantor agree to surrender the Premises promptly upon demand. All the Rents and Profits received by the Trustee shall be applied to a reasonable compensation to the Trustee for its services and to the expenses of operating the Premises, with any excess to be applied to payment of amounts due under the Loan Documents. The Beneficiary and the Trustee (at the direction of the Beneficiary) may grant any extension, forbearance or other indulgence as they may deem appropriate.

(d) No right, power or remedy conferred upon or reserved to the Beneficiary or the Trustee by this Deed of Trust is intended to be exclusive of any other right, power or remedy, but each and every such right, power and remedy shall be cumulative and concurrent and shall be in addition to any other right, power and remedy given hereunder or now or hereafter existing at law or in equity or by statute.

6. <u>Trustee</u>. The Trustee shall be under no duty to take any action hereunder except as expressly required, or to perform any act which would involve the Trustee in expense or liability or to institute or defend any suit in respect hereof, unless properly indemnified to its satisfaction. All reasonable expenses, charges, counsel fees and other disbursements incurred or made by the Trustee in and about the administration and execution of the trust hereby created, and the performance of its duties and powers hereunder, shall be secured by this Deed of Trust prior to the indebtedness evidenced by the Note, and shall bear interest at the rate prescribed in the Note. Pursuant to the provisions of Section 26-49 of the Code of Virginia, 1950, as amended, or any successor provision, the Beneficiary, with or without cause, is hereby authorized and empowered to substitute and appoint, by an instrument recorded wherever this Deed of Trust is recorded, a trustee or trustees in the place of the Trustee.

7. <u>Miscellaneous</u>.

(a) <u>Successors and Assigns</u>. All the grants, covenants, terms, provisions and conditions herein shall bind Grantor and their successors and assigns and inure to the benefit of the successors and assigns of the Trustee and the endorsees, transferees, successors and assigns of the Beneficiary.

(b) <u>Governing Law</u>. This Deed of Trust shall be governed by and construed in accordance with the laws of the Commonwealth of Virginia.

(c) <u>Notices</u>. Any notice shall be conclusively deemed to have been received by a party hereto and be effective on the day on which delivered personally to such party at the address set forth below (or at such other address as such party shall specify to the other party in writing) or if sent by registered or certified United States mail, postage prepaid, on the third business day after the day on which mailed, addressed to such party at such address:

Case: 11-30554    Doc# 23-6    Filed: 03/03/11    Entered: 03/03/11 18:32:14    Page 3 of 10

|  |  |
|---|---|
| If to the Beneficiary at: | Colonial Williamsburg Foundation<br>P.O. Box 1776<br>Williamsburg, VA 23187<br>Attention: Senior Vice President for Finance and Administration |
| If to the Trustee: | Manus E. Homes<br>c/o First American Title Insurance Company<br>1051 East Cary Street, Suite 1111<br>Richmond, Virginia 23219 |
| If to the Grantor, at: | c/o Minor Ventures<br>199 Fremont Street, 12th Floor<br>San Francisco, CA 94105 |
| and to: | Steven W. Blaine, Esq.<br>LeClairRyan<br>123 East Main Street<br>Charlottesville, VA 22902 |

(d) <u>Further Assurances</u>. Grantor shall, at its cost and without expense to the Trustee or the Beneficiary, do, execute, acknowledge and deliver every such further act, deed of trust, conveyance, mortgage, assignment, notice of assignment, transfer and assurance as the Trustee or the Beneficiary shall from time to time reasonably require for the better assuring, conveying, assigning, transferring and confirming unto the Trustee or the Beneficiary the property and rights hereby conveyed or assigned or intended now or hereafter so to be or which Grantor may be or may hereafter become bound to convey or assign to the Trustee or the Beneficiary, or for carrying out the intention or facilitating the performance of the terms of this Deed of Trust, or for filing, registering or recording this Deed of Trust.

(e) <u>Severability</u>. If any term, covenant or condition of this Deed of Trust, or the application thereof to any person or circumstance, shall to any extent be invalid or unenforceable, the remainder of this Deed of Trust, or the application of such term, covenant or condition to other persons or circumstances, shall not be affected thereby, and each term, covenant or condition of this Deed of Trust shall be valid and enforceable to the fullest extent permitted by law.

(f) <u>Captions: Gender; Number</u>. The captions hereof are for convenience of reference only and shall neither limit nor enlarge the provisions hereof. All personal pronouns used herein, whether used in the masculine, feminine or neuter gender, shall include all other genders. The singular shall include the plural and vice versa unless the context specifically requires otherwise.

(g) <u>Survival</u>. All representations, warranties and covenants made by Grantor pursuant to Section 1 of this Deed of Trust shall survive (a) the sale of all or a part of the Premises, (b) the assumption by another party of the Grantor's obligations hereunder, (c) the forbearance or

Case: 11-30554   Doc# 23-6   Filed: 03/03/11   Entered: 03/03/11 18:32:14   Page 4 of 10

extension of time for payment or performance of any obligation hereunder, whether granted to Grantor or a subsequent owner of the Premises, or (d) the release of all or any part of the Premises securing such obligations or the release of any party who assumes payment of the same until such time as the Note has been paid in full.

8. <u>Applicable Law</u>. This Deed of Trust is made under the provisions of Article 2 of Chapter 4 of Title 55 of the Code of Virginia of 1950, as amended, and except to the extent hereinabove expressly provided otherwise, shall be construed to impose and confer upon the parties hereto and the Beneficiary secured hereby all of the duties, rights and obligations prescribed in short from by Section 55-60 or 55-59.2, as follows:

(a) Identified by Trustee's Signature;

(b) Deferred Purchase Money:

(c) Exemptions Waived and Subject to Call Upon Default;

(d) Renewal, Extension or Reinstatement Permitted;

(e) Substitution of Trustee(s) permitted for any reason whatsoever;

(f) Any Trustee may act;

(g) Right of Anticipation Reserved;

(h) Insurance Required: Full Replacement Cost of the Improvements;

(i) Advertisement Required: Once a day for three (3) consecutive days.

NOTICE: THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY CONVEYED.

Case: 11-30554    Doc# 23-6    Filed: 03/03/11    Entered: 03/03/11 18:32:14    Page 5 of 10

IN WITNESS WHEREOF, Grantor has caused this Deed of Trust to be executed as of the day and year first above written.

CARTER'S GROVE, LLC,
a Virginia limited liability company

By: _____
Halsey M. Minor, Manager

STATE OF _____ )
                                )  to Wit:
CITY/COUNTY OF _____ )

The foregoing Deed of Trust was acknowledged before me in the _____, _____, this the ____ day of _____, 20__ by Halsey M. Minor, who is _____ personally known to me, or _____ who produced _____ as identification, as Manager of Carter's Grove, LLC, a Virginia limited liability company, on its behalf.

*attached*

_____
Notary Public

My commission expires: _____
My registration number is: _____

Case: 11-30554    Doc# 23-6    Filed: 03/03/11    Entered: 03/03/11 18:32:14    Page 6 of 10

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of Los Angeles } ss.

On 12/17/07 (Date), before me, Sharron Callender Craig (Name and Title of Officer (e.g., "Jane Doe, Notary Public"))

personally appeared Halsey M. Minor (Name(s) of Signer(s)),

☐ personally known to me
~~☐ proved~~ to me on the basis of satisfactory evidence

to be the person~~(s)~~ whose name~~(s)~~ is/~~are~~ subscribed to the within instrument and acknowledged to me that he/~~she/they~~ executed the same in his/~~her/their~~ authorized capacity~~(ies)~~, and that by his/~~her/their~~ signature~~(s)~~ on the instrument the person~~(s)~~, or the entity upon behalf of which the person~~(s)~~ acted, executed the instrument.

SHARRON CALLENDER CRAIG
Commission # 1571530
Notary Public - California
Los Angeles County
My Comm. Expires May 19, 2009

Place Notary Seal Above

WITNESS my hand and official seal.

Sharron Callender Craig
Signature of Notary Public

## OPTIONAL

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: Deed of Trust

Document Date: 12/17/07 Number of Pages: 23

Signer(s) Other Than Named Above: —

**Capacity(ies) Claimed by Signer**

Signer's Name: ______

☐ Individual
☐ Corporate Officer — Title(s): ______
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
~~☐~~ Other: Manager, LLC

Signer Is Representing: Carter's Grove LLC

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

© 1999 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.nationalnotary.org Prod. No. 5907 Reorder: Call Toll-Free 1-800-876-6827

Page 14 of 23

# Exhibit A

## LEGAL DESCRIPTION

## "CARTER'S GROVE" PARCELS

### CG PARCEL A

ALL that certain parcel or tract of land together with all improvements thereon and all rights (including riparian), ways, easements, privileges and appurtenances thereto belonging, situate and lying in Roberts Magisterial District (formerly Jamestown Magisterial District), James City County, Virginia, commonly known as "Carter's Grove", containing approximately 406.90 acres, shown as Parcel I on a plat of survey made by Chas. H. Fleet & Associates, Civil Engineers and Surveyors, dated December 18, 1963, entitled "Map of Properties Situated on Route No. 60 and East of the James River being known as 'Carter's Grove', James City Co., Va.", a copy of which is attached to and made a part of that certain deed dated March 1, 1964 made by and between Ada McCrea Donaldson, Sallie Harrison Eddy and Frederick A. Stahl, as Executors and Trustees of the Estate of Mary Corling McCrea, deceased, Sealantic Fund, Inc., et als., a copy of such plat of survey being recorded in the Office of the Clerk of the Circuit Court for the City of Williamsburg and James City County, Virginia, in Plat Book 21 at page 35, and according to which plat is more particularly described by metes and bounds as follows:

BEGINNING at a point where the southerly line of State Route No. 667 intersects the westerly boundary line of State Route No. 60, which point is marked by a rod; thence continuing along and fronting on the westerly boundary line of State Route No. 60 as follows: S. 39° 30' E. 610.04 feet to a stone; along a curve to the right a distance of 496.0 feet to a stone; S. 18° 04' E. 1305.60 feet to a rod; along a curve to the left a distance of 336.0 feet to a rod which marks the point where the boundary line common to this property and property now or formerly owned by B. C. Green intersects the westerly line of Route No. 60; thence leaving Route No. 60 and running along the Green common boundary line S. 38° 42' W. 126.0 feet to a rod on an old ditch line which marks the Green common boundary line thence running along said old ditch line as follows; S. 8° 46' 30" W. 374.38 feet to a pipe; S. 13° 53' 40" W. 578.50 feet to a rod; S. 13° 20' W. 402.45 feet to a pipe; S. 41° 53' W. 123.0 feet to a pipe; S. 38° 15' W. 208.0 feet to a pipe; S. 33° 14' W. 134.20 feet to a pipe; S. 24° 11' W. 219.20 feet to a pipe; S. 19° 58' W. 231.44 to a pipe; S. 24° 18' W. 220.65 feet to a pipe in a marsh; thence running through said marsh as follows; S. 54° 22' W. 433.15 feet to a pipe; S. 35° 26' W. 369.73 feet to a post; S. 5° 15' W. 331.32 feet to a point; S. 9° 00' E. 194.04 feet to a point; S. 1° 30' W. 288.42 feet to a point at the head of Grice's Creek; thence along Grice's Creek as follows: S. 30° 00' W. 262.02 feet to a point; S. 71° 00' W. 354.42 feet to a point; and S. 63° 09' W. 380 feet more or less to the mean low water mark on the eastern bank of the James River; thence running northwesterly along the mean low water mark of the James River 6125 feet more or less to a point which is S. 52° 04' W. of a pipe which is in the common boundary line of this property and property now or formerly owned by Edloe; thence leaving the mean low water mark of the James River and running N. 52° 04' E. 100 feet to a stone; thence S. 62° 11' E. 219.45 feet to a pipe on the easterly side of an old road; thence continuing along the easterly and northerly side of the old road as follows; S. 26° 39' E. 137.85 feet to a pipe; S. 26° 19' E. 147.73 feet to a rod; S. 59° 20' E. 170.13 feet to a pipe;

Case: 11-30554   Doc# 23-6   Filed: 03/03/11   Entered: 03/03/11 18:32:14   Page 8 of 10

S. 78° 40' E. 229.96 feet to a pipe; S. 50° 41' E. 135.50 feet to a stone; S. 89° 26' E. 39.60 feet to a pipe; N. 40° 41' E. 355.10 feet to a rod; and N. 59° 58' E. 1060.04 feet to the westerly boundary line of State Route No. 667; thence along the westerly boundary line of Route No. 667 S. 29° 40' E. 20.0 feet to the southerly boundary line of Route No. 667; thence along the southerly boundary line of Route No. 667 N. 60° 16' 30" E. 2480.0 feet to the point of beginning.

IT BEING a part of the same real estate conveyed to Colonial Williamsburg, Incorporated, a Virginia corporation, by two instruments from Sealantic Fund, Inc., a New York corporation, 1) Gift Instrument for personal property dated December 19, 1969, recorded December 30, 1969, in the Clerk's Office of the Circuit Court of the County of James City and City of Williamsburg, Virginia, in Deed Book 124, Page 633; 2) Deed of Gift and Assumption, dated December 30, 1969, recorded December 30, 1969, in the aforesaid Clerk's Office, in Deed Book 124, Page 634.

LESS AND EXCEPT that real property conveyed by The Colonial Williamsburg Foundation to The County of James City, Virginia by deed dated January 15, 1992, recorded in the Clerk's Office of the Circuit Court of the County of James City and City of Williamsburg, Virginia in Deed Book 545, at page 426, and as set out as "PARCEL I TOTAL PARCEL = 32.8242 ACRES NET DEVELOPABLE AREA = 30.8000 ACRES" on plat entitled "SUBDIVISION OF PROPERTY OF COLONIAL WILLIAMSBURG FOUNDATION BEING PART OF THE CARTER'S GROVE & LOCUST GROVE TRACTS SITUATED IN THE ROBERTS DISTRICT JAMES CITY COUNTY, VIRGINIA", by Langley and McDonald, P.C., dated 05/09/91, which plat is recorded in the aforesaid Clerk's Office in Plat Book 55, at Page 44; and

LESS AND EXCEPT that real property conveyed by The Colonial Williamsburg Foundation to Commonwealth of Virginia by deed dated November 21, 1994, recorded in the aforesaid Clerk's Office in Deed Book 716, at Page 48, and as set out on Sheets 3 and 4 of the plans for Route 60 State Highway Project 0060-047-110, RW201, recorded in the aforesaid Clerk's Office.

## CG PARCEL B

ALL those certain lots, pieces, or parcels of land situate, lying and being in Roberts Magisterial District in James City County, Virginia and being more particularly shown and designated as "PROPERTY BEING CONVEYED FROM TAX PARCEL 582-01-00-002 'MARTIN'S BEACH' TO TAX PARCEL 591-01-00-030 'CARTER'S GROVE' 17,237 S.F. (0.3957 ACRE)" on plat entitled " PLAT SHOWING BOUNDARY LINE ADJUSTMENT BETWEEN THE PROPERTIES KNOWN AS 'CARTER'S GROVE' & 'MARTIN'S BEACH' PROPERTY OF THE COLONIAL WILLIAMSBURG FOUNDATION, ROBERTS MAGISTERIAL DISTRICT, JAMES CITY COUNTY, VIRGINIA" made by Vanasse Hangen Brustlin, Inc., last revised 05/08/07, and recorded in the Clerk's Office of the Circuit Court of the County of James City and City of Williamsburg, Virginia as Document No. 070017071, more particularly described by metes and bounds as follows:

Case: 11-30554    Doc# 23-6    Filed: 03/03/11    Entered: 03/03/11 18:32:14    Page 9 of 10

## I

BEGINNING at a point on the northerly edge of a private road commonly known as "Carter's Grove Country Road", said point being 286.75 feet in a southwesterly direction from the right of way of Ron Springs Road-State Route 667 and also being a point in the southerly property line of the now or formerly Colonial Williamsburg Foundation Property. Thence, crossing "Carter's Grove Country Road" and with the now vacated former property lines of Carter's Grove Estate the following courses and distances:

S52°06'02"W 773.24 feet to a point; S32°49'02"W 355.08 feet to a point; S82°42'02"W 39.60 feet to a point; N58°32'58"W 135.49 feet to a point in the southerly property line of the forementioned Colonial Williamsburg Foundation Property.

Thence with the southerly property lines of the aforementioned Colonial Williamsburg Foundation Property the following courses and distances:

S62°25'07"E 92.00 feet to a point; N82°47'31"E 82.00 feet to a point; N31°58'19"E 301.75 feet to a point; N51°32'14"E 567.00 feet to a point; N50°30'04"E 231.37 feet to a point; S37°53'58"E 20.00 feet to the point of beginning.

## II

BEGINNING at a point in the southerly property line of the now or formerly Colonial Williamsburg Foundation Property and being approximately 2020 feet in a southwesterly direction from the right of way of Ron Springs Road-State Route 667. Thence with the now vacated former property lines of Carter's Grove Estate the following courses and distances:

N34°10'59"W 87.54 feet to a point; N34°35'01"W 22.62 to a point in the southerly property line of the aforementioned Colonial Williamsburg Foundation Property.

Thence with the southerly property line of the aforementioned Colonial Williamsburg Foundation Property the following courses and distances:

S45°13'58"E 53.00 feet to a point; S24°25'30"E 59.00 feet to the point of beginning.

THEY BEING a part of the same real estate conveyed to Colonial Williamsburg, Incorporated, a Virginia corporation, by Deed from Virginia E. Greene, dated October 2, 1969, recorded October 3, 1969, the aforesaid Clerk's Office, in Deed Book 123, Page 497.

Case: 11-30554   Doc# 23-6   Filed: 03/03/11   Entered: 03/03/11 18:32:14   Page 10 of 10