Richard M. Pachulski (CA Bar No. 90073)
Debra I. Grassgreen (CA Bar No. 169978)
John W. Lucas (CA Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010
E-mail: rpachulski@pszjlaw.com
dgrassgreen@pszjlaw.com
jlucas@pszjlaw.com

Attorneys for Carter's Grove, LLC
Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**CARTER'S GROVE, LLC,**<br><br>Debtor. | Case No.: 11-30554 (TEC)<br><br>Chapter 11<br><br>**STATUS CONFERENCE STATEMENT**<br><br>Date: April 1, 2011<br>Time: 9:30 a.m.<br>Place: U.S. Bankruptcy Court<br>234 Pine Street, 19th Floor<br>San Francisco, California<br>Judge: Honorable Thomas E. Carlson |

Carter's Grove, LLC, debtor and debtor-in-possession in the above-captioned case (the "Debtor"), submits this status conference statement pursuant to the *Chapter 11 Status Conference Order*, dated February 15, 2011, [Docket No. 11], and respectfully represents:

**BACKGROUND**

On February 14, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to manage its affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or committee has been appointed in this chapter 11 case.

The Debtor was formed on December 10, 2007, to hold title to the Carter's Grove Plantation ("Carter's Grove"). Carter's Grove is an historic property/plantation located on the north shore of the James River in the Grove Community of southeastern James City County in the Virginia Peninsula area of the Hampton Roads region of Virginia. Carter's Grove consists of a Georgian style mansion and 476 acres of pasture surrounding the mansion.

In December 2007, Halsey M. Minor ("Mr. Minor") caused the Halsey McLean Revocable Trust 11304 (the "Trust")[1] to acquire Carter's Grove in exchange for a purchase price of $15.3 million. Mr. Minor caused the Trust to assign its interest in Carter's Grove to the Debtor. Mr. Minor is a strong advocate for historic preservation, which is one of his personal passions and also owns and lives in a National Historic Landmark here in San Francisco. Mr. Minor purchased the property with the intention of restoring it in a manner consistent with its original design. A conservation easement on the mansion and 400 of the 476 acres is co-held by the Virginia Outdoors Foundation and the Virginia Department of Historic Resources.

### A. Events that Prompted the Filing

As noted above, Carter's Grove is on the list of National Historic Landmarks. The Debtor does not operate a commercial enterprise or collective revenue. Instead, the Debtor's ability to pay its ongoing obligations is entirely dependent on Mr. Minor's personal financial situation. In this regard, the Debtor was not able to make its last two payment obligations on account of Mr. Minor's personal liquidity issues. Mr. Minor's liquidity issues were caused in part by a judgment and lien obtained by Sotheby's Inc. that froze all of Mr. Minor's assets. Consequently, Mr. Minor was not able to provide the necessary funds to make the scheduled payments. As of the Petition Date, the seller of Carter's Grove and holder of the first deed of trust, Colonial Williamsburg Foundation ("CWF"), is owed approximately $4,000,000. CWF scheduled a foreclosure of the Carter's Grove property on February 15, 2011. Mr. Minor caused the Debtor to commence a chapter 11 case so that he can restructure the payment obligations of the Debtor and preserve the substantial equity in the property.

///

---

[1] Mr. Minor is the trustee and the sole beneficiary of the Trust.

### B. Proposed Application of the Bankruptcy Code

Because the Debtor does not have any operations, the focus of this case is a financial restructuring. A described in greater detail in the *Debtor's Objection to Motion of Colonial Williamsburg Foundation to Transfer Venue to the Eastern District of Virginia* [Docket No. 33], the Debtor's property is encumbered by three mortgages in the aggregate amount of $12.4 million. The Debtor's latest appraisal of Carter's Grove (October 2009) shows that the property has a value of approximately $21,000,000. It should be noted that the appraisal of Carter's Grove does not include approximately seventy-five (75) acres of developable property. As a result, CWF and the other two secured creditors are abundantly oversecured. Given the equity in the property, the Debtor believes that the any restructuring should be consensual. In the event the Debtor and its creditors are unable to reach a resolution, the Debtor will be prepared to propose a plan over any objections and use the cramdown provisions under section 1129(b) of the Bankruptcy code if necessary.

### C. Plan of Reorganization Timeline

Mr. Minor has substantial other assets which, while currently illiquid, will be available to fund the Debtor and ultimately satisfy the claims of creditors. In this regard, the Debtor intends to propose a Plan within its initial exclusivity period, or no later than May 13, 2011.

### D. Motions for Relief from the Automatic Stay

To date, no motions have been filed seeking relief from the stay imposed by section 362(a) of the Bankruptcy Code.

### E. General Case Administration

The Debtor's bankruptcy counsel have been in regular contact with the Office of the United States Trustee ("UST") regarding the Debtor's transition to a debtor-in-possession. In this regard, the Debtor's prepetition books and records were closed immediately prior to the Petition Date and new books and records were opened after the Petition Date.

The Debtor opened debtor-in-possession bank accounts at a UST approved depository. The Debtor has an operating account, tax account, and a payroll account. Proof of the accounts was provided to the UST.

The Debtor's bankruptcy counsel contacted the bankruptcy analyst for the UST to discuss an appropriate form for the Debtor's monthly operating reports since the Debtor does not have any operations or revenue. The bankruptcy analyst suggested that the Debtor use the form for charter 11 cases for individuals with single assets. The Debtor is currently preparing its first report for the stub portion of February 2011 and will have all future reports filed on the twentieth day of the month immediately following the month described in the report. On the date hereof, no postpetition taxes or UST fees are due or outstanding.

The Debtor initially obtained appropriate insurance for Carter's Grove immediately after the Petition Date. However, the insurance was terminated by the Debtor's insurer as of March 26, 2011 on account of certain conditions of the property, not for lack of payment by the Debtor. Since this time, the Debtor has been working tirelessly with numerous brokers and insurance carriers to obtain new coverage and is analyzing whether it has a basis to dispute the impromptu cancellation of the policy. The Debtor expects to have new coverage in place or have the post-petition policy reinstated in the very near term.

Dated: March 28, 2011            PACHULSKI STANG ZIEHL & JONES LLP

                                 By    */s/ John W. Lucas*
                                       Richard M. Pachulski
                                       Debra I. Grassgreen
                                       John W. Lucas

                                       Attorneys for Debtors
                                       and Debtors in Possession