Richard M. Pachulski (CA Bar No. 90073)
Debra I. Grassgreen (CA Bar No. 169978)
Gail S. Greenwood (CA Bar No. 169939)
John W. Lucas (CA Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010
E-mail: rpachulski@pszjlaw.com
dgrassgreen@pszjlaw.com
ggreenwood@pszjlaw.com
jlucas@pszjlaw.com

Attorneys for Carter's Grove, LLC
Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br>**CARTER'S GROVE, LLC,**<br>Debtor. | Case No.: 11-30554 (TEC)<br>Chapter 11<br>**SECOND AMENDED CASE MANAGEMENT STIPULATION** |

This Stipulation (the "Stipulation") is entered into by and between Carter's Grove, LLC, debtor and debtor-in-possession in the above-captioned case (the "Debtor"), and The Colonial Williamsburg Foundation ("CWF"), by and through their respective counsel. The Debtor and CWF are each referred to herein as a "Party" and together as the "Parties."

**RECITALS**

A. On February 14, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to manage its affairs as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or committee has been appointed in this chapter 11 case.

B. On February 15, 2011, the Court entered an order [Docket No. 11] (the "Status Conference Order") scheduling a status conference (the "Status Conference") at 9:30 a.m. (Pacific)

on April 4, 2011 regarding the administration of the Debtor's case. Subsequently on March 28, 2011, the Court entered an order [Docket No. 37] rescheduling the Status Conference at 9:30 a.m. (Pacific) on April 1, 2011 so that it would coincide with the hearing on the Venue Motion (as defined below).

C. On March 3, 2011, CWF filed the *Motion to Transfer Venue* [Docket No. 21] (the "Venue Motion") seeking an order transferring the venue of the Debtor's case to the United States Bankruptcy Court for the Eastern District of Virginia.

D. On March 23, 2011, the Debtor filed the *Objection to Motion of Colonial Williamsburg Foundation to Transfer Venue to the Eastern District of Virginia* [Docket No. 33] (the "Debtor's Objection").

E. On March 23, 2011, Sotheby's Inc. filed an objection to the Venue Motion opposing the transfer of venue of the Debtor's case to the United States Bankruptcy Court for the Eastern District of Virginia [Docket No. 32]. On March 28, 2011, AVN, LLC filed a joinder to the Debtor's Objection [Docket No. 36].

F. In accordance with the Status Conference Order, March 28, 2011, the Debtor filed its Status Conference Statement describing the events that precipitated the filing of the Debtor's case and the Debtor's compliance with its various duties as a debtor-in-possession under the Bankruptcy Code and the Guidelines of the Office of the United States Trustee.

G. On March 29, 2011, CWF filed its reply to the Debtor's Objection [Docket No. 38].

H. On March 30, 2011, the Court entered a tentative ruling [Docket No. 42] (the "Tentative Ruling") regarding the Venue Motion in which the Court reserved its decision on the Venue Motion for the reasons set forth therein.

I. The Parties conferred regarding the Venue Motion, the claims of CWF (the "CWF Claims") against the Debtor, the Debtor's defenses thereto, and agreed upon the terms and conditions regarding informal discovery, including the examination of witnesses and production of documents pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Rule 2004 Information"), the adjournment of the hearing on the Venue Motion and the Status Conference, and the deadline to file objections (the "Claim Objections") to the CWF Claims.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

J.   On April 1, 2011, the Court held the initial hearing on the Venue Motion and the Status Conference during which time counsel to the Parties informed the Court of the agreement regarding the terms and conditions of the request for the Rule 2004 Information and Claim Objections as set forth herein. The Court entered an order on the Parties' stipulation, including but not limited to scheduled dates for production of the Rule 2004 Information, the hearing on the Venue Motion, and the Status Conference.

K.   The Parties have since agreed to roll the dates forward by two weeks based on CWF's production of responsive documents on a rolling basis, completed as of May 10, 2011. Accordingly, the parties submit this Second Amended Case Management Stipulation.

## **STIPULATION**

1.   The Debtor requests the Rule 2004 Information solely to determine whether it has grounds to prosecute claims against CWF or defenses to the CWF Claims based on, but not limited to, alleged misrepresentations or incomplete disclosures at the time of sale of the Debtor's property from CWF to the Debtor. On April 1, 2011, the Debtor provided CWF the request for the Rule 2004 Information. The Parties will make a good faith effort to address any objections CWF may have to the documents requested by the Debtor. The Parties shall meet and confer regarding all Rule 2004 Information disputes and contact Chambers to schedule a telephonic conference in the event the Parties are not able to resolve such disputes.

2.   The Parties agree that the request for the Rule 2004 Information is being conducted pursuant to Bankruptcy Rule 2004. CWF agrees to accept the Debtor's requests for Rule 2004 Information pursuant to Bankruptcy Rule 2004 informally rather than requiring the Debtor to file an application with and obtain relief from the Court.

3.   Nothing in this Stipulation shall constitute a waiver of CWF's right to object to the scope of the request for the Rule 2004 Information on any ground. Nothing in this Stipulation shall constitute a waiver of the Debtor's right to contest any such objection on any ground or seek additional information pursuant to a formal investigation pursuant to Bankruptcy Rule 2004 if it concludes in its sole discretion that the 2004 Information obtained pursuant to this Stipulation is

insufficient to enable the Debtor to determine whether or not to file the Claim Objection to the CWF Claim or file claims against CWF.

4. The Parties shall agree on a mutually acceptable confidentiality agreement with respect to the documents to be produced.

5. Not later than April 12, 2011, CWF has filed its proof of claims against the Debtor. In a multi-phased production: (a) CWF has produced responsive documents, and (b) to the extent CWF does not already possess copies of each inspection report or report regarding the physical conditions of the Debtor's real property and improvements thereon at the time of the sale that is in the possession or control of the Debtor, the Debtor has produced those reports by April 18, 2011.

6. CWF shall produce for depositions within the Commonwealth of Virginia at a time and location to be determined by the Parties during the week of May 23, 2011 both a representative knowledgeable about the categories described by the Debtor in the notice described in paragraph 1, above, and David Mepham.

7. The Debtor shall file the Claim Objection or any other claim it has against CWF on or before **June 10, 2011**. If the Claim Objection or other claims are not filed against CWF on or before June 10, 2011 by the Debtor, the Halsey Minor Revocable Trust 1104, Halsey M. Minor, individually, and their affiliates and assigns, such parties shall be forever barred from filing any objection to the CWF Claim or any other claims against CWF.

8. The hearing on the Venue Motion, the Debtor's Objection, and the various pleadings filed in response thereto is adjourned to **July 7, 2011 at 11:00 a.m.** (Pacific).

9. The Status Conference is adjourned to **July 7, 2011 at 11:00 a.m.** (Pacific). The Debtor must file its plan of reorganization and disclosure statement on or before **June 14, 2011**.

10. If the Parties agree to extend any of the above deadlines or if a dispute delays the production of any of the various Rule 2004 Information in accordance with the above deadlines, the Parties shall meet and confer to determine and adjust the applicable deadlines and hearing dates described herein to correspond to any delay in the Debtor's request for the Rule 2004 Information.

11. The person who executes and delivers this Stipulation on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

12. This Stipulation contains the entire agreement among the Parties relating to the subject matter hereof can only be amended or otherwise modified by a signed writing executed by the Parties.

13. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

14. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Stipulation.

Dated: May 16, 2011          PACHULSKI STANG ZIEHL & JONES LLP

By   */s/ John W. Lucas*
     Richard M. Pachulski
     Debra I. Grassgreen
     John W. Lucas

     Attorneys for Carter's Grove, LLC
     Debtor and Debtor in Possession

Dated: May 16, 2011          STUTMAN, TREISTER & GLATT P.C.

By   */s/ Jeffrey C. Krause*
     Jeffrey C. Krause
     H. Alexander Fisch
     Gabriel I. Glazer

     1901 Avenue of the Stars, 12th Floor
     Los Angeles, California 90067
     Telephone: 310/228-5600
     Facsimile: 310/228-5788
     E-mail:   jkrause@stutman.com
               afisch@stutman.com
               gglazer@stutman.com

     Attorneys for The Colonial Williamsburg Foundation