Richard M. Pachulski (CA Bar No. 90073)
Debra I. Grassgreen (CA Bar No. 169978)
John W. Lucas (NY Bar No. 4288379)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010
Email: rpachulski@pszjlaw.com
dgrassgreen@pszjlaw.com
jlucas@pszjlaw.com

Attorneys for Carter's Grove, LLC
Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**CARTER'S GROVE, LLC,**<br><br>Debtor | Case No.: 11-30554 (TC)<br><br>Chapter 11<br><br>**DECLARATION OF HALSEY M. MINOR IN SUPPORT OF MOTION TO FILE UNDER SEAL CONFIDENTIAL LIST OF MATERIAL ASSETS AND OBLIGATIONS OF HALSEY M. MINOR AS A PROPOSED EXHIBIT TO DEBTOR'S PROPOSED DISCLOSURE STATEMENT IN SUPPORT OF PLAN OF REORGANIZATION**<br><br>**Hearing Date:**<br><br>Date: August 1, 2011<br>Time: 9:30 A.M.<br>Place: U.S. Bankruptcy Court<br>235 Pine Street, 19th Floor<br>San Francisco, California<br>Judge: Honorable Thomas E. Carlson |

I, Halsey M. Minor, declare as follows:

1. I am the trustee (the "Trustee") of the Halsey M. Minor Revocable Trust (the "Trust") that is the sole member (the "Member") of Carter's Grove LLC (the "Debtor").

2. I make this Declaration in support of the *Motion To File Under Seal The Confidential List of Material Assets and Obligations of Halsey M. Minor* (the "Motion"), and the Debtor's Application to shorten time for a hearing on the Motion, which I have read and reviewed.

3. I hereby adopt each of the factual allegations in the Motion and the Memorandum of Points and Authorities and incorporate them in this declaration (the "Declaration") by reference. Except as otherwise indicated, all statements in this Declaration are based on my personal knowledge, my review of relevant documents or my opinion based on my experience with the Debtor's financial condition. If I were called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth herein based upon my personal knowledge, review of documents or opinion. Unless otherwise noted, capitalized terms used in this Declaration have the same meanings as in the Motion.

4. In my capacity as the sole Member of the Debtor, I am familiar with the overall management requirements of the Debtor. I am familiar with the Debtor's books and records as they relate to the Debtor's financial operations and company relationships. The Debtor's books and records are made by the Debtor's employees who report to me and who have a business duty to enter the Debtor's records accurately at or near the time of the event that they record such information, by or from information transmitted by one with personal knowledge of the event or act. To the extent the information was derived from the Debtor's computer records, the computers used in the management of the Debtor's property are, at all relevant times, in good working order.

5. The Debtor was formed on or around December 10, 2007, to hold title to Carter's Grove Plantation ("Carter's Grove"), a historic property that was acquired in 2007 by me. Carter's Grove is a historic 475 acre plantation and related real and personal property located on the north shore of the James River in Virginia, near Colonial Williamsburg. On the property, there is situated a Georgian style mansion, caretakers' cottage, underground building, and stable. Carter's Grove does not have any operations that generate revenue.

6. The payment of all expenses arising from maintenance and other preservation of the property are entirely dependent upon me. In that regard, the Debtor, through me, has been attending to the day-to-day management and welfare of the Debtor's property and has been funding

ongoing operating expenses. These expenses include: (i) property insurance in the amount of $41,000, (ii) employee wages in the amount of $31,000, (iii) various utility expenses necessary to maintain interior of mansion located on Carter's Grove in the amount of $11,000.

7. I am a successful entrepreneur, having founded CNET, a media company, and various other successful technology businesses. I ran and oversaw CNET's operations for approximately eight years, during which time it became one of the internet's first companies to achieve profitability. CNET was later purchased by CBS in 2008 and is now CBS Interactive. In addition to CNET, I founded or co-founded the following internet companies (a) salesforce.com, (b) E! Online, (c) Open DNS, (d) Vignette, (e) ScoutLabs, (f) Grandcentral/Google Voice, and (g) Snap!/NBCi. Through my efforts, these companies have created value in excess of $56 billion, substantial personal net worth, and generated average annual adjusted income since 1998 through 2009 of $24 million per year.

8. Most recently, through Minor Studios, I began marketing my latest internet product, Atmosphir, LLC ("Atmosphir"). Through atmosphir.com, I created a set of online tools that allow people on the internet to build and share virtual worlds, some of which look like the real world and others that are pure fantasy. Since December, 120,000 virtual worlds have been created on atmosphir.com which can be played on PC, Mac, and soon IPAD. The Atmosphir generates revenue from the sale of virtual items like clothes, cars, special powers, etc. The market in this area is exploding, reaching $10 billion next year. Atmosphir is quickly growing. I am the sole owner of Minor Studios, which currently owns approximately 84% of Atmosphir. I am currently soliciting proposals for certain convertible debt financing secured by the assets of Atmosphir and his interest in Atmosphir, which will be used to fund payments under the Plan.

9. As reflected above, I own, operate, and invest in a variety of businesses and properties that include, but are not limited to, technology companies, real estate developments, artwork, and thoroughbred race horses. Consequently, on a regular basis I am engaged in negotiations regarding the sale of such assets, potential transactions to acquire similar assets, or financing that uses such assets as collateral. Because I will be responsible for funding the Plan obligations of the Debtor, I recognize the importance to disclose an overview of my assets and

liabilities to show that I have the financial wherewithal to make such payments. However, if I am required to file the list Minor Material Assets/Obligations, I would give my various current and potential counterparties confidential information about my financial portfolio that would unduly affect my ability to negotiate pending and future transactions with counterparties.

10. In view of the importance of maintaining the disclosure of confidential information, I believe that it is appropriate to permit the Debtor to file under seal the list of Minor Material Assets/Obligations to avoid the adverse effects upon my personal interests but subject to availability by parties in interest that agree to be bound by a standard non-disclosure agreement.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of July 2011, at San Francisco, California.

*/s/ Halsey M. Minor*
Halsey M. Minor